UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 98.45.227.134,<br><br>  Defendant. | Case No. 23-cv-01985-AMO<br><br>**ORDER GRANTING EX PARTE APPLICATION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENA**<br><br>Re: Dkt. No. 7 |

## I.  INTRODUCTION

Plaintiff Strike 3 Holdings, LLC, owns the copyrights for several adult motion pictures. It alleges that someone who uses the IP address 98.45.227.134, Doe Defendant, infringed on those copyrights. Despite its efforts, Strike 3 has not been able to identify the individual associated with that IP address. Strike 3 now asks the Court to let it serve a subpoena on non-party Comcast Cable, Doe Defendant's internet service provider ("ISP"), to learn Doe Defendant's identity. Because Strike 3 has demonstrated that good cause exists to allow it to serve a subpoena, the Court **GRANTS** the motion. Further, the Court *sua sponte* grants a protective order requiring that information regarding Doe Defendant released to Strike 3 be treated as confidential for a limited duration.

## II.  BACKGROUND

Strike 3 is the owner of several adult motion pictures distributed through its adult brands *Blacked*, *Tushy*, *Vixen*, *Blacked Raw*, and *Slayed.* Compl. ¶ 3 (ECF No. 1).[1]  Strike 3 owns the

---

[1] Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1  copyrights to these motion pictures and registered them with the United States Copyright Office.
2  *Id.* ¶ 46.
3      Strike 3 alleges Doe Defendant, who uses the Comcast Cable-provided IP address
4  98.45.227.134, used the file distribution network known as "BitTorrent" to illegally download and
5  distribute Strike 3's copyrighted movies. Compl. ¶¶ 18-38. Through geolocation technology,
6  Strike 3 traced Doe Defendant's IP address to a physical address in the Northern District of
7  California. *Id.* ¶ 9. Strike 3 has been unable to ascertain Doe Defendant's identity.
8  Appl. (ECF No. 7) at 9. Strike 3 alleges that Comcast Cable can identify Doe Defendant through
9  their IP address. *Id.*
10     On April 24, 2023, Strike 3 filed a complaint against Doe Defendant alleging one claim of
11 copyright infringement under the Copyright Act. Compl. ¶¶ 48-53. On May 3, 2023, Strike 3
12 filed an ex parte motion asking the Court to allow it to serve Comcast Cable with a subpoena
13 under Federal Rule of Civil Procedure 45. Appl. at 9-10. Strike 3 states that it seeks only the
14 name and address of the individual(s) associated with Doe Defendant's IP address and will only
15 use the information to prosecute the claims made in the complaint. *Id.* at 10.

16 **III.    DISCUSSION**

17    **A.    Legal Standard**

18     A court may authorize early discovery before the Rule 26(f) conference for the parties' and
19 witnesses' convenience and in the interests of justice. Fed. R. Civ. P. 26(d). Courts in the Ninth
20 Circuit consider whether a plaintiff has shown "good cause" for early discovery. *See, e.g.*,
21 *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002); *Strike 3*
22 *Holdings, LLC v. Doe*, No. 3:22-CV-08979-LB, 2023 WL 122394, at *2 (N.D. Cal. Jan. 5, 2023).
23 "Good cause may be found where the need for expedited discovery, in consideration of the
24 administration of justice, outweighs the prejudice to the responding party." *Semitool*, 208 F.R.D.
25 at 276.
26     In evaluating whether a plaintiff has established good cause to learn the identity of a Doe
27 defendant through early discovery, courts examine whether the plaintiff: (1) identifies the Doe
28 defendant with sufficient specificity that the court can determine if the defendant is a real person

1  who can be sued in federal court; (2) identifies the steps taken to locate and identify the defendant;
2  (3) demonstrates the action can withstand a motion to dismiss; and (4) shows the discovery is
3  reasonably likely to lead to identifying information that will permit service of process.
4  *See Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578–80 (N.D. Cal. 1999).  "[W]here the
5  identity of the alleged defendant [is not] known prior to the filing of a complaint[,] the plaintiff
6  should be given an opportunity through discovery to identify the unknown defendants, unless it is
7  clear that discovery would not uncover the identities, or the complaint would be dismissed on
8  other grounds."  *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (alterations in
9  original) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).

### B.   Analysis

#### 1.   Strike 3 Establishes Good Cause for Early Discovery

Strike 3 has made a sufficient showing under each of the four *seescandy.com* factors listed above to establish good cause to permit it to engage in early discovery to identify Doe Defendant.

First, Strike 3 has identified Doe Defendant with sufficient specificity that the Court can determine that Doe Defendant is a real person who can be sued in federal court.  Strike 3 alleges that Doe Defendant downloaded and distributed over thirty of Strike 3's copyrighted adult motion pictures using BitTorrent.  Compl. ¶¶ 4, 50.  BitTorrent requires human interaction.  Appl. at 16. To download the movie, Doe Defendant had to direct their BitTorrent client to download the movie file.  *Id.*  Strike 3 used geolocation technology to trace each download to Doe Defendant's IP address to the Northern District of California, giving the Court jurisdiction over Doe Defendant and over Strike 3's claim.  *Id.* at 17.

Second, Strike 3 described the myriad steps it has taken to locate and identify Doe Defendant given the limited information available from the IP address.  Appl. at 18.  Doe Defendant's IP address is not sufficient for Strike 3 to identify the unknown defendant.  *Id.*  An internet service provider cannot disclose information correlating the identity of a user unless authorized to do so by a court order.  *See* 47 U.S.C. § 551(c)(2)(B) ("A cable operator may disclose such information if the disclosure is . . . made pursuant to a court order authorizing such disclosure").

1  Third, Strike 3 has presented a prima facie claim of copyright infringement such that it could withstand a motion to dismiss. To present a prima facie claim, a plaintiff must demonstrate: (1) ownership of the allegedly infringed material and (2) the alleged infringers violated an exclusive right granted to copyright holders under 17 U.S.C. § 106. *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1159 (9th Cir. 2007). Under Section 106, a copyright holder has exclusive rights to reproduce, distribute copies, publicly display, perform, and create derivative works of the copyrighted work. 17 U.S.C. § 106. Strike 3 alleges that it holds the copyrights for the movies that Doe Defendant copied and distributed without its permission. Compl. ¶¶ 44-46.

Fourth, Strike 3 has shown that the discovery it seeks is reasonably likely to lead to identifying information that will permit service of process on Doe Defendant. Strike 3 alleges that Comcast Cable can identify Doe Defendant through their IP address. Compl. ¶ 5.

### 2. Protective Order

"[U]nder Rule 26(c), the Court may *sua sponte* grant a protective order for good cause shown." *McCoy v. Sw. Airlines Co., Inc.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002); *see also Strike 3 Holdings, LLC v. Doe*, No. 21-CV-04768-LB, 2021 WL 2808974, at *3 (N.D. Cal. July 6, 2021) (same). Here, the ISP subscriber may not be the individual who infringed on Strike 3's copyright and may instead be an innocent third party. *See, e.g.*, *Pac. Century Int'l Ltd. v. Does*, No. C-11-02533 DMR, 2011 WL 5117424, at *2 (N.D. Cal. Oct. 27, 2011). Additionally, the Ninth Circuit has permitted parties to use pseudonyms where anonymity is necessary to preserve privacy in a sensitive or highly personal matter. *See Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000); *Strike 3 Holdings, LLC v. Doe*, No. 21-CV-04768-LB, 2021 WL 2808974, at *3 (N.D. Cal. July 6, 2021). Allegations that an individual illegally downloaded adult motion pictures likely goes to matters of a sensitive and highly personal nature.

Having found good cause, the Court issues a protective order requiring that any information regarding Doe Defendant released to Strike 3 be treated as confidential for a limited duration, as detailed below.

///

4

**CONCLUSION**

The Court **GRANTS** Strike 3's ex parte application for an early subpoena under Rule 45 according to the terms set out below. The Court also issues the protective order that follows. *See* Fed. R. Civ. P. 26(c).

It is **ORDERED** that:

1. Strike 3 may immediately serve a Rule 45 subpoena on Comcast Cable to obtain <u>only</u> Doe Defendant's true name and address associated with the IP address identified in the application.

2. A copy of this Order shall be attached to the subpoena.

3. The ISP shall have <u>30 days</u> from the date of service upon them to serve Doe Defendant by any reasonable means with a copy of a subpoena and a copy of this Order.

4. Doe Defendant shall have <u>30 days</u> from the day they are served by the ISP to contest the subpoena (including a motion to quash or modify the subpoena) in this Court.

5. If Doe Defendant does not contest the subpoena in this Court within the stated time period, the ISP shall produce the responsive information in compliance with the subpoena to Plaintiff within <u>10 days</u> of the end of Doe Defendant's time to move the Court.

6. The ISP shall preserve the information identified in the subpoena until it produces it or this Court rules on a motion contesting the subpoena.

///

///

The following **PROTECTIVE ORDER** shall apply to the information subpoenaed. Plaintiff shall use the information subpoenaed solely for the purposes of prosecuting this action and protecting the alleged rights identified in the complaint. Plaintiff shall not disclose the name or address of Doe Defendant to any third party without leave of Court. If Plaintiff files any document in this action that includes the information subpoenaed or otherwise identifies Defendant, all identifying information shall be redacted in a public version of the document and filed unredacted under seal pursuant to the Local Rules. If Doe Defendant fails to file a motion for leave to proceed anonymously within 30 days after their information is disclosed to Strike 3's

counsel, this limited protective order will expire.

**IT IS SO ORDERED.**

Dated: May 15, 2023

_____
ARACELI MARTÍNEZ-OLGUÍN
United States District Judge